WARD, Judge.
This action arose from an automobile accident on September 12, 1976, when the defendant, A.L. Ratliff, rear-ended the plaintiff, Harding Taylor, on Highway 23 in Plaquemines Parish. Ratliff’s negligence was admitted, and Cameron Iron Works and The Hartford Insurance Company conceded their liability before trial, and the only issue during trial was the amount of damages to be awarded to Taylor.
The Trial Judge awarded $21,525.75, which included $11,500.00 for pain and suffering and $10,025.75 special damages. The special damages of $10,025.75 included $6,174.00 for lost wages; the remainder was for medical expenses. The cost of expert witness fees of $1,095.00 were assessed as cost.
Taylor has appealed, and he argues that the awards for lost wages and general damages are too low and should be increased. More particularly, he contends that there should be an award for the loss of future earnings. He also contends that the medical bills for Dr. Miller, a psychiatrist, and Dr. Brite, an expert in economics, should have been included in the award. Ratliff, Cameron, and Hartford argue that the judgment should be affirmed because the Trial Judge has not abused his discretion in determining damages or in assessing witness fees as cost.
During trial, the plaintiff produced medical experts who testified that Taylor was unable to work. One, an orthopaedic surgeon, testified that Taylor had a 5% loss of functioning; another, a psychiatrist, testified that Taylor had a pre-existing passive-dependent personality and that his unconscious reaction to the accident has reduced his fúnctioning and initiative, making him withdrawn and causing him to enhance the symptoms of the accident to such a degree that he has been unable to return to work.
The defendants produced other medical experts who testified that Taylor was able to return to work as early as March 23, 1977. An orthopaedic surgeon who examined Taylor on August 22, 1977, found that there was no organic injury which prevented Taylor from returning to work. This opinion was confirmed by a second ortho-paedic surgeon who examined him on May 29, 1978. Other witnesses testified that Taylor was. permanently and totally disabled in December, 1976, just two months after the accident, because of obesity with attendant cardiac and kidney problems.
The Trial Judge had the opportunity to hear and evaluate the medical testimony offered by plaintiff and defendants and the testimony of the plaintiff, Mr. Taylor. The record does not show that the Trial Judge abused his discretion in his awards of damages or assessment of expert fees as cost.
We affirm. All cost of trial to be paid by defendants. All cost of appeal to be paid by Harding Taylor.